FREDERICK LAWSON, Respondent, *v.* JOHN F. LAWSON and Others, Defendants, Impleaded with WILLIAM J. LAWSON, Individually and as Administrator, etc., of ANNA CHRISTINE LAWSON, Deceased (Sometimes Known as ANNIE LAWSON), Appellant.

Fourth Department, November 23, 1937.

*Charles L. Pierce,* for the appellant.

*Seymour Bernstein,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of KNAPP, J., at Special Term.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

The following is the opinion of KNAPP, J., rendered at Special Term:

KNAPP, J. The plaintiff upon the call of the calendar moved for a preference under subdivision 10 of section 138 of the Civil Practice Act. The action being for partition of real property it was undoubtedly entitled to a preference. The defendant William J. Lawson appeared and objected, not to the granting of a preference, but to the granting of a general preference, and asked that the preference to be granted be limited to cases noticed for the same term, and not over cases which have been on the calendar for previous terms and which are awaiting trial. He bases his contention upon two cases, *Woerner* v. *Star Company* (107 App. Div. 248), in the Second Department, and *Yorkshire Ins. Co., Ltd.,* v. *Raw Fur & Skin Trading Co.* (233 id. 486), in the First Department.

It has been the established practice in this Department, so far as I am familiar with it, that a preference granted to a case was

general in its character and was not limited to cases noticed for the same term.

The situations that present themselves in the First and Second Departments are entirely different from those presenting themselves in this Department. The question involved here is purely as to calendar practice, and it is the judgment of my associates in this district upon the trial bench that no change should be made in the calendar rule that has worked out in its practical application satisfactorily to all concerned unless such a change should be required by a positive statute or by a decision of some higher tribunal.

A limitation of the preference in this case might work an injustice to all parties concerned as to this case, both in its place upon the calendar and in reaching it for trial. I personally cannot see any reason for the changing of this well-established rule in this district and the adoption of a new one which I am unable to see will be of any greater value in calendar practice, and, I believe, in its ultimate effect, one which would be less satisfactory than the rule now in force.

The motion for a limited preference is denied, without costs.

Prepare order.

Dated, Rochester, New York, September 21, 1937.